THEODORE R. CHAVEZ   SBN 53291
LAW OFFICE OF THEODORE R. CHAVEZ
1501 THE ALAMEDA
SAN JOSE CA 95216
TELEPHONE:  (408) 993-1679
FACSIMILE:   (408) 993-0719
e-mail: theodorechavez@sbcglobal.net

Attorney for Plaintiff, JOHN R. SUTHERLAND

FILED

08 JUL 24 AM 9:09

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN R. SUTHERLAND,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>DIVERSIFIED CAPITAL INC.; WILLIAM DAVID DALLAS; TRACEY CASELLA; NICOLE GARCIA, PACIFIC UNIION HOME SALES, INC. INDIVIDUALLY AND D/B/A PACIFIC UNION GMAC REAL ESTATE; MATTHEW ALEXANDER TUNNEY; CHRISTOPHER GUY GARWOOD; HOLLY HUNTER KERSIS; FIRST FRANKLIN FINANCIAL CORPORATION; COUNTRYWIDE HOME LOANS; RECONTRUST, INC., DOES 1-100,<br><br>　　　　Defendants. | Case No.: 08-CV-03474-CRB<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX-PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION [F.R.C.P. 65(b)]<br><br>DATE:  7/24/08<br><br>TIME:   9:00 a.m.<br><br>DEPT:  8 |

　　　　Plaintiff presents his Memorandum of Points and Authorities in support of his Application pursuant to Rule 65(b) of the Federal Rules of Civil Procedure for a Temporary Restraining Order and Order to Show Cause re: Preliminary Injunction as follows:

//

//

# I.

# INTRODUCTION

## A. Nature of the Action

This is an action brought by the owner of a single-family residence which is his personal place of residence against a variety of defendants arising out of a predatory loan. Plaintiff initially filed this action in the Superior Court of the State of California, County of Contra Costa (Contra Costa County Superior Court Case No. C 08-01682).

## B. Temporary Restraining Order Granted in State Court

At the time the action was filed, the Contra Costa County Superior Court granted Plaintiff's Application for a Temporary Restraining Order, restraining Defendant, Countrywide Home Loans and Recontrust, Inc. from conducting a Trustee Sale pursuant to the foreclosure of their deed of trust on Plaintiff's residence. A hearing on Plaintiff's Motion for Preliminary Injunction to enjoin Defendant from conducting the trustee sale was set for July 23, 2005, on which date the Temporary Restraining Order expired.

## C. Removal of Action to Federal Court Prior to Hearing on Preliminary Injunction

On July 18, 2008, prior to the date of the hearing on the preliminary injunction, Defendants filed a Notice of Removal of Action, thereby removing the action to this Court. Accordingly, the State court was left without jurisdiction to hear Plaintiff's Motion for Preliminary Injunction, and with the expiration of the Temporary Restraining Order, Plaintiff currently has no protection against the irreparable injury of losing his home.

## D. Imminent Foreclosure

July 25, 2008 is now set as the date for the Trustee Sale pursuant to the foreclosure of the Deed of Trust on Plaintiff's residence. Unless restrained and enjoined from doing so, Defendant will complete such sale to the loss of Plaintiff whose loss will be irremediable and irreplaceable.

## II.

## ARGUMENT

### 1. A Temporary Restraining Order and Preliminary Injunction Are Appropriate in This Case.

Rule 65(b) of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

In this case, Plaintiff's verified complaint establishes the following immediate and irreparable injury that will occur if the temporary restraining order is not issued before the adverse party can be heard in opposition: Plaintiff will lose his home to foreclosure the very next day after this application is made to the Court. The loss of real property to foreclosure is considered irreparable injury. See *Wonderland Shopping Center v. CDC Mortgage Capital, Inc.* (6th Cir. 2001) 274 F.3d 1085.

Additionally, the Declaration of Theodore R. Chavez certifies that notice of this application has been given to the attorney for the adverse party. Accordingly, all the requirements for the issuance of a temporary restraining order have been established.

In order to obtain a preliminary injunction, a party must demonstrate either (1) a combination of a probable success on the merits and the possibility of irreparable injury; or (2) the existence of serious questions going to the merits and that the balance of hardships tips sharply in its favor. *Federal Deposit Insurance Corp. v. Garner* (9th Cir. 1997) 125 F.3d 1272.

Here, Plaintiff has demonstrated a high probability of success on the merits. The verified complaint points out specific violations of both Federal and State truth in lending law that were committed by the Defendants, as well as a violation of the notice requirements for a Trustee's Sale. Moreover, Plaintiff has demonstrated that irreparable injury, in the form of the loss of his home, is a certainty in this case. Finally, the balance of hardships tips sharply in Plaintiff's favor because without an injunction he will lose his home, whereas Defendant can and will be offered adequate payments to compensate it for any financial loss that occurs during the pendency of the injunction.

### 2. The Defendants Have Not Properly Noticed the Trustee's Sale

California Civil Code § 2924 (f) requires that copy of the notice of sale be posted in a conspicuous place on the property at least 20 days before the date of sale. With respect to a single family residence, the posting shall be on the door of the residence.

As appears from the declaration of Plaintiff, John R. Sutherland, the notice was not posted as required by the statute. In a non-judicial deed of trust sale by the trustee of the deed of trust the technical requirements of the foreclosure law should be strictly followed due to the lack of judicial supervision. *Hamilton v. Carpenter* (1942) 52 Cal.App.2d 447; *Scott v. Security Title Insurance and Guaranty Company* (1937) 9 Cal.2d 606 at 613.

### III.

### CONCLUSION

Plaintiff is a victim of a predatory loan doomed from the outset to arrive at the disastrous circumstance and predicament in which Plaintiff finds himself. If the preliminary injunction is not granted, he will lose his property and his investment in it and be doubly victimized. He has offered adequate protection payments by way of Preliminary Injunction during the proceeding. Fairness and due process compel the maintenance of the *status quo ante*.

1
2
3   Dated: July 23, 2008
4
5

Respectfully submitted,

*[signature]* For

THEODORE R. CHAVEZ
ATTORNEY FOR PLAINTIFF