**BRYAN CAVE LLP**
James Goldberg, California Bar No. 107990
Stephanie A. Blazewicz, California Bar No. 240359
2 Embarcadero Center, Suite 1410
San Francisco, CA 94111
Telephone:   (415) 675-3400
Facsimile:    (415) 675-3434
Email:         james.goldberg@bryancave.com
                    stephanie.blazewicz@bryancave.com

**BRYAN CAVE LLP**
Robert E. Boone III (SBN: 132780)
Gustavo A. Torres (SBN 234342)
120 Broadway, Suite 300
Santa Monica, California 90401-2386
Telephone:   (310) 576-2100
Facsimile:    (310) 576-2200
Email:         reboone@bryancave.com
                    gustavo.torres@bryancave.com

Attorneys for Defendants
COUNTRYWIDE HOME LOANS, INC.,
(erroneously sued as Countrywide Home Loans)
and RECONTRUST COMPANY, N.A.
(erroneously sued as ReconTrust, Inc.)

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN R. SUTHERLAND,<br><br>          Plaintiff,<br><br>vs.<br><br>DIVERSIFIED CAPITAL INC.; WILLIAM DAVID DALLAS; TRACEY CASELLA; NICOLE GARCIA, PACIFIC UNION HOME SALES, INC. INDIVIDUALLY AND D/B/A PACIFIC UNION GMAC REAL ESTATE; MATTHEW ALEXANDER TUNNEY; CHRISTOPHER GUY GARWOOD; HOLLY HUNTER KERSIS; FIRST FRANKLIN FINANCIAL CORPORATION; COUNTRYWIDE HOME LOANS; RECONTRUST, INC.; DOES 1-100,<br><br>          Defendants. | Case No.  08-CV-03474 CRB<br><br>(Contra Costa Superior Court Case No. C 08-01682)<br><br>**NOTICE OF MOTION AND MOTION OF DEFENDANTS COUNTRYWIDE HOME LOANS, INC. AND RECONTRUST COMPANY N.A. TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Filed concurrently with Request for Judicial Notice and [Proposed] Order]<br><br>**Date:**         September 5, 2008<br>**Time:**        10:00 a.m.<br>**Courtroom:** 8, 19th Floor<br>**Judge:**       Honorable Charles R. Breyer |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on September 5, 2008, or as soon after that as this matter can be heard, in Courtroom 8, 19th Floor, of the above-captioned Court, located at 450 Golden Gate Avenue, San Francisco, California, Defendants Countrywide Home Loans, Inc. ("Countrywide") and ReconTrust Company, N.A. ("ReconTrust") (erroneously sued as ReconTrust, Inc.) will, and hereby do, move this Court, the Honorable Judge Charles R. Breyer presiding, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for an Order dismissing the following claims in Plaintiff John R. Sutherland's Amended Complaint ("AC") for failure to state a claim upon which relief can be granted: (1) First Cause of Action for "Violation of Truth in Lending 15 U.S. Code § 1601, 12 C.F.R. 226" and "California Financial Code § 4973 *et seq.*"; (2) Fourth Cause of Action for "Breach of Contract"; (3) Fifth Cause of Action for "Declaratory Relief"; and (4) Sixth Cause of Action for "Injunctive Relief."[1]

This Motion is based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, exhibits attached to the concurrently-filed request for Judicial Notice, all pleadings and papers on file in this action, and such other and further matters as the Court may consider.

Dated:  July 25, 2008                **BRYAN CAVE LLP**

By:  /s/ James Goldberg
James Goldberg
Attorneys for Defendants
COUNTRYWIDE HOME LOANS, INC.,
(erroneously sued as Countrywide Home
Loans) and RECONTRUST COMPANY, N.A.
(erroneously sued as ReconTrust, Inc.)

---

[1] Plaintiff's Second and Third Causes of Action are not asserted against Countrywide or ReconTrust.

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
201 CLAY STREET
SAN FRANCISCO, CA 94111-3907

# Table of Contents

**Page**

I. INTRODUCTION ................................................................................................. 2

II. PLAINTIFF'S CONCLUSORY ALLEGATIONS ................................................ 4

III. THE FACTS ESTABLISHED BY THE LOAN DOCUMENTS .......................... 5

IV. ARGUMENT .......................................................................................................... 6

    A. Plaintiff's First Cause of Action Conflates Two Separate Claims Under the California Financial Code and the Federal Truth in Lending Act ........... 7

        1. The Court Should Dismiss Plaintiff's CFC Claim For Any One of Three Independent Reasons. ............................................................... 8

            a. Plaintiff Has Failed to Establish That His Loan is "Covered" .................................................................................. 8

            b. Countrywide Cannot Be Liable Under CFC §4973(f)(1) Because It Did Not Originate the Loan ................................... 9

            c. Plaintiff's CFC Claim is Time-Barred under C.C.P. 338(a) ... 9

            d. The First Cause of Action's CFC Claim Should Be Dismissed Without Leave to Amend. .................................. 10

        2. Plaintiff's First Cause of Action Claim for Violation of TILA Fails for Either of Two Independent Reasons ................................. 10

            a. The TILA Claim Is Time-Barred ......................................... 10

            b. Plaintiff Has Failed to Allege a Violation of TILA .............. 11

    B. Plaintiff's Fourth Cause of Action for Breach of Contract Is Time-Barred and Fails to Allege Facts Sufficient to Establish a Breach of Any Specific Contractual Term ............................................................................ 11

    C. Plaintiff's Fifth Cause of Action for Declaratory Relief Fails Because His Breach of Contract Claim Fails ....................................................... 12

    D. Plaintiff's Sixth Cause of Action for Injunctive Relief Fails to Allege Tender of Payment ...................................................................................... 13

V. CONCLUSION .................................................................................................... 15

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
201 CLAY STREET
SAN FRANCISCO, CA 94111-3907

# Table of Authorities

**Page**

**Cases**

*Amari v. Radio Spirits, Inc.*,
219 F.Supp.2d 942 (N.D.Ill. 2002) .................................................................................. 13

*B&O Manufacturing, Inc. v. Home Depot U.S.A., Inc.*,
2007 WL 3232276, at *7 (N.D.Cal. 2007) ...................................................................... 13

*Balistreri v. Pacifica Police Dep't*,
901 F.2d 696 (9th Cir. 1990) ............................................................................................ 6

*Coughlin v. United Van Lines*,
362 F. Supp. 2d 1166 (C.D. Cal. 2005) ............................................................................ 6

*Dorian v. Harich Tahoe Development*,
1996 U.S. Dist. LEXIS 21627 *17-*19 (N.D. Cal. 1996) ............................................... 12

*Durning v. First Boston Corp.*,
815 F. 2d 1265 (9th Cir. 1987) ......................................................................................... 7

*Hana Fin., Inc. v. Hana Bank*,
500 F. Supp. 2d 1228 (C.D. Cal. 2007) ............................................................................ 6

*Karlsen v. American Savings and Loan Association*,
15 Cal. App. 3d 112 (1971) ............................................................................................ 14

*McDonald v. John P. Scripps Newspaper*,
210 Cal. App. 3d 100 (1989) .......................................................................................... 12

*Meyer v. Ameriquest Mortg. Co.*,
342 F.3d 899 (9th Cir. 2003) .......................................................................................... 10

*Meyer v. Sprint Spectrum L.P.*,
150 Cal. App. 4th 1136, 59 Cal.Rptr.3d 309 (2007) ...................................................... 13

*Vasquez v. L.A. County*,
487 F.3d 1246 (9th Cir. 2007) .................................................................................... 7, 10

*Western Mining Council v. Watt*,
643 F. 2d 618 (9th Cir. 1981) ........................................................................................... 6

*Woods v. Asset Res.*,
2006 U.S. Dist. LEXIS 94325, *20 (E.D. Cal. December 21, 2006) ............................. 12

**Statutes**

15 U.S.C. § 1601 ..................................................................................................... 2, 8, 10
15 U.S.C. § 1635 ............................................................................................................. 10
15 U.S.C. § 1635(f) ........................................................................................................ 10
15 U.S.C. § 1640 ............................................................................................................. 10
15 U.S.C. § 1640(e) ................................................................................................... 3, 10
Cal. Civ. Proc. § 337(l) .............................................................................................. 3, 12
Cal. Civ. Proc. § 338(a) ........................................................................................... 3, 8, 9
Cal. Fin. Code § 4970 ..................................................................................................2, 8
Cal. Fin. Code § 4970(b) ....................................................................................... 2, 5, 8, 9

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
201 CLAY STREET
SAN FRANCISCO, CA 94111-3907

Cal. Fin. Code § 4970(b)(1) .......................................................................................................... 9
Cal. Fin. Code § 4970(b)(2) .......................................................................................................... 9
Cal. Fin. Code § 4973 ................................................................................................................... 2
Cal. Fin. Code § 4973(f)(1) ............................................................................................... 3, 7, 8, 9
Cal. Fin. Code § 4978 ................................................................................................................... 7

**Rules**

F.R.C.P. 12(b)(6) ..................................................................................................................... 5, 14

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
201 CLAY STREET
SAN FRANCISCO, CA 94111-3907

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff John R. Sutherland ("Plaintiff" or "Sutherland") is apparently surprised with the terms of the two loans he obtained from Defendant Franklin Financial Corporation on June 28, 2004.  Now, nearly four years later, he seeks various remedies, including damages and injunctions, against Franklin's assignee Countrywide Home Loans, Inc. ("Countrywide") and ReconTrust Company, N.A. ("ReconTrust") for alleged improprieties with the first mortgage loan which Countrywide assumed, on the simple basis that, "Plaintiff was shocked, surprised and appalled when, during the period since origination of the loan in July of 2004, the interest rate has increased over 3% and the payments more than doubled."  Amended Complaint ¶ 12.

On this slender, subjective reed, Plaintiff's Amended Complaint ("AC") asserts four causes of action against Countrywide for (1) violation of the Truth in Lending Act, 15 U.S.C. §§ 1601 *et seq.* ("TILA") and the California Financial Code Section 4973 *et seq.* ("CFC"); (2) breach of contract; (3) declaratory relief; and (4) injunctive relief.  ReconTrust is only named in the injunctive relief cause of action.  Each cause of action against Countrywide and ReconTrust is fatally defective.[2]

Plaintiff's First Cause of Action improperly conflates TILA and CFC, and fails to state a claim under either.  In one sentence, Plaintiff alleges that Defendants violated both statutes "by failing to reasonably determine that the consumer would be able to make the scheduled payments" (a CFC requirement) and "by failing to make proper disclosures concerning the details of the loan" (a vague summation of TILA requirements.)  AC, ¶ 16. The First Cause of Action fails to state a claim under California Financial Code Section 4970 for three separate and independent reasons.  First, the Complaint alleges it was in the amount of $500,000.  AC, ¶ 10.  Thus, his mortgage loan cannot be "covered" under CFC § 4970(b) because the amount $500,000 exceeds the "most current conforming limit" for

---

[2] Countrywide and ReconTrust need not and do not address the allegations as they may pertain to the second loan, as it is not alleged they assumed the second.

1  Fannie Mae loans ($333,700) at the time the loan was made (2004).  AC, ¶ 10  *See* Request
2  for Judicial Notice ("RJN").
3      Second, the prohibition in CFC § 4973(f)(1) against making or arranging a "covered
4  loan unless at the time the loan is consummated, the person reasonably believes the
5  consumer…will be able to make the scheduled payments", applies only to a "person who
6  originates" the covered loan.  The Complaint alleges that Franklin, not Countrywide
7  originated the loan and that Countrywide is simply an assignee of the loan.
8      Third, Plaintiff's CFC claim is time-barred by the three-year statute of limitations in
9  C.C.P. § 338(a).  The Note was signed June 28, 2004, and the original complaint was not
10 filed in Contra Costa County until June 30, 2008, <u>over</u> four years later.
11     By the same token, the First Cause of Action's claim for damages under TILA fails
12 because the claim is barred by the applicable one-year statute of limitations found in
13 15 U.S.C. Section 1640(e)   Additionally, Plaintiff's conclusory allegation fails to plead
14 sufficient facts to demonstrate any violation of TILA.  AC, ¶ 16.  For these reasons, the
15 First Cause of Action should be dismissed in its entirety.  Because both the CFC and the
16 TILA claims are time barred, the dismissal should be without leave to amend.
17     Plaintiff's Fourth Cause of Action for breach of contract fails for two separate and
18 independent reasons.  First, if Plaintiff's claim is that the Note does not represent what he
19 bargained for, that "breach of contract" claim  is barred by the four year statute of
20 limitations in C.C. P. § 337(l).  Second, Plaintiff fails to allege the material terms of a
21 contract between himself and Countrywide, and has failed to allege any fact that would
22 establish a breach of any terms.  In fact, the Note states that the interest rate would increase
23 on July 1, 2006 (after approximately 2 years) from an initial fixed interest rate of 5.5% to a
24 variable rate up to 8.5% based on the LIBOR index plus a margin of 3.6250%.  The Note
25 further provides that variable rate may climb as high as 11.5%.  Thus, the Note
26 demonstrates that the allegation that the interest rate has increased by 3% over four years
27 does not by itself state a claim for breach of contract.  Thus, Plaintiff's contract claim
28 should be dismissed.

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
201 CLAY STREET
SAN FRANCISCO, CA 94111-3907

1    Plaintiff's Fifth Cause of Action for declaratory relief fails because, in resolving the
2 breach of contract claim, the Court will adjudicate the issues that form Plaintiff's request
3 for declaratory relief, rendering them moot.  Because the issues alleged in the claim will be
4 resolved by the Court, no actual controversy will exist, and therefore, declaratory relief
5 will be unnecessary.

6    Plaintiff's Sixth Cause of Action for injunctive relief against foreclosure fails
7 because Plaintiff has not alleged tender of the amount due to Countrywide to prevent a
8 foreclosure sale.  Failure to cure the debt renders injunctive relief futile, since there is no
9 indication that Plaintiff can bring his loan current in order to stave off foreclosure.
10 Additionally, this claim is now essentially moot, because the Court on July 24, 2008,
11 denied Plaintiff's Application for a Temporary Restraining Order and an Order to Show
12 Cause regarding Preliminary Injunction, thus permitting the foreclosure sale scheduled for
13 July 25, 2008 to proceed.  *See* Order Denying Motion for Temporary Restraining Order,
14 dated July 24, 2008.

15    For all these reasons, all of Plaintiff's claims against Countrywide and ReconTrust
16 should be dismissed.

## II.    PLAINTIFF'S CONCLUSORY ALLEGATIONS

18    Plaintiff alleges that in June 2004, in connection with his purchase of a residence,
19 he took on two loans.  The first loan, in the amount of $500,000 was secured by a First
20 Deed of Trust.  (AC, ¶ 10.)  The second loan, secured by a Second Deed of Trust, was in
21 the amount of $125,000[3].  (AC, ¶ 10.)  Both these loans were funded by First Franklin
22 Financial Corporation.  (AC, ¶ 10.)

23    Plaintiff alleges that "eventually" the first loan for $500,000 was "transferred" to
24 Countrywide for "servicing."  (AC, ¶ 11.)  Plaintiff further alleges that ReconTrust was
25 engaged by Countrywide to conduct a foreclosure on the subject property.  (AC, ¶ 7.)

26    Finally, Plaintiff summarily alleges that he was "shocked, surprised and appalled"

---

[3] The second loan for $125,000 is not relevant to the claims made against Countrywide or ReconTrust.

SM01DOCS\688255.5                        4
MOTION OF DEFENDANTS TO DISMISS – CASE NO. 08-CV-03474 CRB

1  that, between June 2004 (the time the loan originated) and July 2008, the interest rate on
2  the first loan has increased over 3%.  (AC, ¶ 12.)  Plaintiff alleges that as a result of these
3  interest rate increases "the payments have more than doubled."  (AC, ¶ 12.)
4       Plaintiff fails to allege what interest rates his Note actually provides for or that the
5  three percent increase resulted in the interest rate he was actually being charged exceeding
6  what the Note permitted on any given date.  Similarly, Plaintiff fails to allege what
7  monthly payments his Note provides for or that the increased payment demanded by
8  Countrywide resulted in a payment being charged exceeding what the Note permitted in
9  any given month.

10  **III.    THE FACTS ESTABLISHED BY THE LOAN DOCUMENTS**

11       Plaintiff has purportedly attached to the Promissory Adjustable Rate Note (the
12  "Note") and Deed of Trust to his Amended Complaint.  (AC, ¶ 24, Ex. 1.)  Because it is
13  not apparent from the Court's electronic records whether in fact these exhibits were
14  provided to the Court, Countrywide attaches them to its Request for Judicial Notice.  The
15  Note was executed on June 28, 2004 in the amount of $500,000, well in excess of the then
16  current conforming loan limit established by Fannie Mae in 2004 of $333,700, referenced
17  in CFC § 4970(b).  (RJN, Ex. A and C.)  The Note states in bold at the top:

> **THIS NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST RATE AND MY MONTHLY PAYMENT.  THIS NOTE LIMITS THE AMOUNT MY INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE I MUST PAY.** (AC, Ex. 1.)

Plaintiff's Note thereafter provides in Section 2: "I will pay interest at a yearly rate of 5.5000%.  The interest rate I will pay may change in accordance with Section 4 of this Note."  That section then provides:

   (A) Change Dates
      The interest rate I will pay may change on the first day of July 2006, and on that day every sixth month thereafter.  Each date on which my interest rate could change is called a "Change Date."
   (B) The Index

> Beginning with the first Change Date, my interest rate will be based on an Index. The "Index" is the average of interbank offered rates for six months U.S. dollar-denominated deposits in the London market ("LIBOR"), as published in *The Wall Street Journal*. The most recent index figure available as of the first business day of the month immediately preceding the month in which the Change Date occurs is called the "Current Index".
>
> If the index is no longer available, the Note Holder will choose a new index that is based upon comparable information. The Note Holder will give me notice of this choice.
>
> (C) Calculation of Changes
>
> Before each Change Date, the Note Holder will calculate my new interest rate by adding Three and Five Eighths percentage points (3.6250%) to the Current Index. …
>
> The Note Holder will then determine the amount of monthly payment that would be sufficient to reply the unpaid principal that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.
>
> (D) Limits on Interest Rate Change
>
> The interest rate I am required to pay at the first Change Date will not be greater than 8.5000% or less than 5.5000%....
>
> My interest rate will never be greater than 11.5000% nor less than 5.5000%."

In short, the Note provides for an initial interest rate set at 5.5000%, changes in the interest rate and monthly payments beginning on the first day of July 2006, with the new interest rate calculated by adding 3.6250% to the LIBOR and the payments to change with the interest rate change.

## IV. ARGUMENT

Motions to dismiss for failure to state a claim pursuant to Rule 12(b)(6) test the legal sufficiency of the complaint. *See Hana Fin., Inc. v. Hana Bank*, 500 F. Supp. 2d 1228, 1232 (C.D. Cal. 2007). Courts should grant Rule 12(b)(6) motions if there is a "'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Id.* (*quoting Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). Generally, in reviewing a Rule 12(b)(6) motion to dismiss, "the Court must accept as true all material allegations in the complaint, as well as all inferences." *Coughlin v. United Van Lines*, 362 F. Supp. 2d 1166, 1167 (C.D. Cal. 2005).

A court is not required to accept contentions, arguments or conclusions of law, or Plaintiff's conclusory allegations or unreasonable inferences. *Western Mining Council v. Watt*, 643 F. 2d 618, 624 (9th Cir. 1981).

1  Further, the court may disregard allegations that are contradicted by exhibits to the
2  complaint, or by documents referred to in the complaint and considered pursuant to
3  judicial notice. *Durning v. First Boston Corp.*, 815 F. 2d 1265, 1267 (9th Cir. 1987).
4  Further, a court can dismiss claims without granting leave to amend if amending the
5  complaint would be futile. *See Vasquez v. L.A. County*, 487 F.3d 1246, 1258 (9th Cir.
6  2007) ("Granting Vasquez leave to amend would have been futile, and we hold that the
7  district court did not err in preventing such futility.").
8  Pursuant to these standards, all of Plaintiff's claims against Defendants should be
9  dismissed.

### A. Plaintiff's First Cause of Action Conflates Two Separate Claims Under the California Financial Code and the Federal Truth in Lending Act

Plaintiff's First Cause of Action alleges that "Defendants have violated the Federal and State of California Truth in Lending Law by failing to reasonably determine that the consumer would be able to make the scheduled payments and failing to make proper disclosures concerning the details of the loan." (AC, ¶ 16.) With these allegations, it appears Plaintiff seeks to conflate liability under the two distinct statutory schemes.

First, California Financial Code section 4973(f)(1) prohibits a lender from making a covered loan unless he reasonably believes the borrower will be able to make scheduled payments on the covered loan. Cal. Fin. Code § 4973(f)(1).[4] Plaintiff's conclusory allegation that Defendant failed "to reasonably determine that the consumer would be able to make the scheduled payments" attempts to impose liability under § 4973(f)(1). However, Countrywide cannot be liable for any one of three separate and independent

---

[4] California Financial Code section 4973 specifically provides:

> (f)(1) <u>A person who originates covered loans</u> shall not make or arrange a covered loan unless at the time the loan is consummated, the person reasonably believes the consumer…will be able to make the scheduled payments to repay the obligation based upon a consideration of their current and expected income, current obligations, employment status, and other financial resources, other than the consumer's equity in the dwelling that secures repayment of the loan.

Lenders that violate California Financial Code Section 4970 with respect to "covered loans" are subject to statutory and punitive damages. Cal. Fin. Code § 4978.

reasons under the California Financial Code: (1) the loan is not a "covered" loan as defined by the statute; (2) Countrywide did not originate the loan and is merely an assignee of the loan, and is, therefore, not subject to the prohibition in § 4973(f)(1) ; and (3) in any event the claim is time-barred under C.C. P. § 338(a).

Plaintiff also attempts to impose liability under the Truth in Lending Act, 15 U.S.C. § 1601, *et seq*. TILA requires certain disclosures to be made to borrowers regarding the terms and conditions of their loan. Plaintiff conclusorily alleges that Countrywide failed "to make proper disclosures concerning the details of the loan" without pleading any fact to support his conclusion. (AC, ¶ 16.) Plaintiff's claim under TILA fails for either of two separate and independent reasons: (1) it fails to allege how the disclosure was inadequate; and (2) the claim is time-barred under 12 U.S. C. § 1640(e).

As discussed in detail below, Plaintiff's First Cause of Action should be dismissed.

### 1. The Court Should Dismiss Plaintiff's CFC Claim For Any One of Three Independent Reasons

#### a. Plaintiff Has Failed to Establish That His Loan is "Covered"

California Financial Code Section 4970(b) defines a "covered loan" as:

> a consumer loan in <u>which the original principal balance of the loan does not exceed the most current conforming loan limit</u> for a single-family first mortgage loan established by the Federal National Mortgage Association in the case of a mortgage or deed of trust, and where one of the following conditions are met: (1) … the annual percentage rate at consummation of the transaction will exceed by more than eight percentage points the yield on Treasury securities having comparable periods of maturity on the 15th day of the month immediately preceding the month in which the application for the extension of credit is received by the creditor. (2) The total points and fees payable by the consumer at or before closing for a mortgage or deed of trust will exceed 6 percent of the total loan amount.

Cal. Fin. Code §§ 4970(b) (emphasis added).

Plaintiff fails to state a claim under Financial Code Section 4970 because he alleges, and the Note evidences, that his loan was for $500,000 – well over the then most current

conforming loan limit of $333,700.  (AC, ¶ 10, 24, Ex. 1.) (*See* Req. for Jud. Notice ("RJN") Ex. C; *see also* http://www.fanniemae.com/aboutfn/loanlimits.jhtml.

This alone serves to make California Financial Code Section 4970 inapplicable to his first mortgage loan.[5]

### b. Countrywide Cannot Be Liable Under CFC §4973(f)(1) Because It Did Not Originate the Loan

Plaintiff's claim fails because Plaintiff alleges that Franklin - not Countrywide - originated the loan, and that Countrywide is an assignee only.  By its very terms, CFC § 4973(f)(1) imposes liability only on "A person who <u>originates</u> covered loans" . . ."  CFC § 4970(b) provides:  "'Originate' means to arrange, negotiate, or make a consumer loan.'

The Plaintiff specifically alleges, and the Note demonstrates, that the loan was originated by First Franklin Financial Corporation.  (AC, ¶¶ 10, 24, Ex. 1.)  Plaintiff also alleges that the loan was transferred to Countrywide for servicing.  (AC, ¶ 11.)  As an assignee of the loan, and not an originator, Countrywide is not liable for any alleged violation of the California Financial Code § 4973(f)(1).[6]

### c. Plaintiff's CFC Claim is Time-Barred under C.C.P. 338(a)

Finally, Plaintiff's claim under California Financial Code also fails because it is time-barred by the applicable statute of limitations in C.C.P. § 338(a).  When an action is brought upon a liability created by statute, such action must be brought within three years.  Cal.Civ.Proc. § 338(a).  The Note, as shown above, was executed on June 28, 2004.  (AC, Ex. 1.)  This action was commenced on June 30, 2008 when Plaintiff filed his complaint in the State Court.  (RJN, Ex. D)  Thus, the action is barred because it was brought more than

---

[5] Even if the loan was a "covered" loan, Plaintiff also does not allege facts that would establish either requirement in Section 4970(b)(1)("the annual percentage rate at consummation of the transaction will exceed by more than eight percentage points the yield on Treasury securities having comparable periods of maturity on the 15th day of the month immediately preceding the month in which the application for the extension of credit is received by the creditor") or the requirement in Section 4970(b)(2) that total the points and fees exceed 6 percent of the total loan amount.  For these additional reasons, his Financial Code claim fails.

[6] Additionally, CFC § 4979.8 states that "[t]he provisions of this division shall not impose liability on an assignee that is a holder in due course."

three years from the date the Note was executed. This is a third and independent reason to dismiss the CFC claim in the First Cause of Action.

### d. The First Cause of Action's CFC Claim Should Be Dismissed Without Leave to Amend

Dismissal of the CFC claim with prejudice is warranted because no amendment can change the facts that (1) Plaintiff's mortgage loan is not "covered," (2) Countrywide did not originate the loan and thus cannot be found liable under § 43973(f)(1); and (3) the claim is time-barred. *See Vasquez*, 487 F.3d at 1258.

### 2. Plaintiff's First Cause of Action Claim for Violation of TILA Fails for Either of Two Independent Reasons

Plaintiff also attempts to impose liability on Countrywide for alleged violations of TILA. This claim also fails because Plaintiff's claim is barred by the TILA statute of limitations, and, independently, because Plaintiff has failed to allege any specific TILA violation.

### a. The TILA Claim Is Time-Barred

TILA requires lenders to disclose certain information about the terms of a loan to prospective borrowers. 15 U.S.C. § 1601 *et seq*. A borrower may bring an action for violation of TILA's disclosure obligations. 15 U.S.C. §§ 1635, 1640. The time period to bring an action for ***damages*** under TILA is one year from the date of the violation. 15 U.S.C. § 1640(e). The time period to bring an action for ***rescission*** is three years from the date of the violation. 15 U.S.C. §§ 1635(f). The date of the violation refers to the date "the loan documents were signed." *Meyer v. Ameriquest Mortg. Co*., 342 F.3d 899, 902 (9th Cir. 2003).

Plaintiff executed the Note for the mortgage loan on June 28, 2004. (AC, Ex. 1.) Thus, the time period for Plaintiff to bring TILA claims for ***damages***, finance charges and fees and attorney's fees under Section 1640 expired on June 28, 2005, one year after the date of the alleged violations. *Meyer*, 342 F.3d at 902. Plaintiff did not commence this lawsuit until July 7, 2008, ***over three years after the limitations period expired***. As a

result, his TILA claim for damages is time-barred, and it should be dismissed without leave to amend.[7]

### b. **Plaintiff Has Failed to Allege a Violation of TILA**

Alternatively, Plaintiff's claim under TILA also fails because Plaintiff has failed to allege any facts that would give rise to a violation by Countrywide. Plaintiff's conclusory allegations merely state that "Defendants have violated the Federal…Truth in Lending Law by…failing to make proper disclosures concerning the details of the loan." (AC, ¶ 16.)

Generic allegations of a statutory violation, unsupported by facts, are insufficient to support a claim of a TILA violation. Plaintiff must specifically plead the details of Plaintiff's loan and of the disclosures accompanying it that Plaintiff believes were improperly given, and allege how they are improper. *Marks v. Chicoine*, 2007 WL 1160992 (N.D. Cal. Jan. 18, 2007) (dismissing HOEPA and TILA claims for failure to allege how defendants violated those statutes); *Justice v. Countrywide Home Loans, Inc.*, 2006 WL 141746 (E.D.Tenn 2006) (dismissing a TILA claim when "[t]he complaint, however, sets forth no allegations of any such failure [to disclose] by Countrywide *specifically pertaining to plaintiff's own circumstances*.")

Plaintiff's failure to include specific supporting allegations of a TILA violation is a separate and independent grounds to dismiss the TILA claim against Countrywide in the First Cause of Action, in addition to the statute of limitations.[8]

### B. **Plaintiff's Fourth Cause of Action for Breach of Contract Is Time-Barred and Fails to Allege Facts Sufficient to Establish a Breach of Any Specific Contractual Term**

Plaintiff's Fourth Cause of Action for breach of contract fails for two separate and independent reasons. First, if Plaintiff's claim is that the Note does not represent what he

---

[7] Plaintiff does not demand rescission explicitly, but if he were to do so, that claim also would be time-barred.

[8] Plaintiff's allegations that he was "shocked, surprised and appalled" when the interest rate on his mortgage increased over the course of four years does not establish any violation of TILA, as it does not allege that Countrywide failed to make any legally required disclosures.

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
201 CLAY STREET
SAN FRANCISCO, CA 94111-3907

1 bargained for, that "breach of contract" claim is barred by the four year statute of
2 limitations in C.C. P. § 337(l).  Second, Plaintiff fails to identify any contract terms that
3 Countrywide has purportedly breached.  As a result, Plaintiff fails to plead sufficient facts
4 to support his breach of contract claim.

5    "A complaint for breach of contract must plead:  (1) the existence of a contract, (2)
6 a breach of the contract by defendant, (3) performance or excuse of non-performance on
7 behalf of Plaintiff, and (4) damages suffered by Plaintiff as a result of defendants' breach."
8 *Dorian v. Harich Tahoe Development*, 1996 U.S. Dist. LEXIS 21627 *17-*19 (N.D. Cal.
9 1996) (*citing McDonald v. John P. Scripps Newspaper*, 210 Cal. App. 3d 100, 104
10 (1989)).  A breach of contract "cause of action is not validly pleaded if there is no mention
11 of whether the contract is written or oral, no setting forth any of the alleged terms, and no
12 assertion that the Plaintiff has either performed the contract or is excused from
13 performing."  *Woods v. Asset Res.*, 2006 U.S. Dist. LEXIS 94325, *20 (E.D. Cal.
14 December 21, 2006).

15    Here, Plaintiff fails to sufficiently plead the contractual terms that Countrywide has
16 allegedly breached.  Plaintiff merely alleges that "Defendants have breached the subject
17 Agreement by increasing the interest rate and/or payments in excess of the terms
18 represented to Plaintiff and as contained in the contracts between the parties."  (AC, ¶ 25.)
19 Plaintiff has not identified the relevant terms regarding the interest rate on his contract, the
20 payment terms or any specific breach.  Plaintiff also fails to allege what the interest rate
21 Countrywide is currently charging or what monthly payment Countrywide is currently
22 demanding.  Consequently, Plaintiff has failed to allege factually that a breach has actually
23 occurred.

24    Accordingly, Plaintiff's breach of contract claim against Countrywide should be
25 dismissed as inadequately pled.

26    **C.    Plaintiff's Fifth Cause of Action for Declaratory Relief Fails Because His
          Breach of Contract Claim Fails**
27
28    Plaintiff's Fifth Cause of Action seeks a declaration of the "right of the parties with

1  respect to the agreement. (AC, ¶ 28.) This claim fails because (1) the resolution of the
2  other claims in Plaintiff's Amended Complaint makes the declaratory relief claim moot,
3  and (2) no actual controversy exists on which declaratory relief may be granted.
4       Plaintiff's claim for declaratory relief serves no purpose because the resolution and
5  dismissal of the substantive claims in his Amended Complaint will resolve the issues
6  involved in this declaratory relief claim. *Amari v. Radio Spirits, Inc.*, 219 F.Supp.2d 942,
7  944 (N.D.Ill. 2002) ("All of the issues in the declaratory judgment claim will be resolved
8  by the substantive action, so the declaratory judgment serves no useful purpose.").
9  Plaintiff's claim for declaratory relief invokes the same allegations that form his breach of
10 contract claim, namely that he "believes that the interest rate and payment have been
11 increased beyond the limits set forth in the subject notes and deeds of trust." (AC, ¶ 28.)
12 Because these allegations are resolved in connection with breach of contract claim, and
13 because Defendants have argued here that no breach has occurred, the claim for
14 declaratory relief cannot stand. *B&O Manufacturing, Inc. v. Home Depot U.S.A., Inc.*,
15 2007 WL 3232276, at *7 (N.D.Cal. 2007) (noting that "hearing the declaratory relief claim
16 would not 'serve a useful purpose'" when it was duplicative of a breach of contract claim).
17      Equally, the resolution and dismissal of the breach of contract claim means that any
18 alleged "actual controversy" has ceased to exist as to the rights under the contract. In
19 short, because Plaintiff has failed to demonstrate that any breach occurred, there is no
20 dispute as to the validity of Countrywide's actions under the contract. For these reason,
21 Plaintiff's claim for declaratory relief also fails. *Meyer v. Sprint Spectrum L.P.*, 150 Cal.
22 App. 4th 1136, 59 Cal.Rptr.3d 309 (2007) (no actual controversy exists where plaintiffs
23 failed to state a substantive claim).

24      **D.    Plaintiff's Sixth Cause of Action for Injunctive Relief Fails to Allege Tender of Payment**
25
26      In his Sixth Cause of Action, Plaintiff seeks to enjoin Defendants Countrywide and
27 ReconTrust from foreclosing on his home. (AC, ¶¶ 29, 30.) However, Plaintiff cannot
28 challenge a foreclosure without first tendering the full amount due. Plaintiff does not

1  allege that he will tender the amount due, and thus his injunctive relief claim should be
2  dismissed.

3        "A valid and viable tender of payment of the indebtedness owing is essential to an
4  action to cancel a voidable sale under a deed of trust." *Karlsen v. American Savings and*
5  *Loan Association*, 15 Cal. App. 3d 112, 117 (1971). That is, an "action to set aside the
6  sale, unaccompanied by an offer to redeem, would *not* state a cause of action which a court
7  of equity would recognize." *Id.* at 118 (emphasis in original). The Court went on to state:

> 8  [P]laintiff was both at the time of the exercise of the power of foreclosure
> 9  and is now in substantial default in the performance of the obligation of her
> 10  contract and that she has in no manner shown by the evidence any ability to
> 11  presently relieve herself from such defaults. *Equity will not interpose its*
> 12  *remedial power in the accomplishment of what seemingly would be nothing*
> 13  *but an idly and expensively futile act, nor will it purposely speculate in a*
> 14  *field where there has been no proof as to what beneficial purpose may be*
> 15  *subserved through its intervention.*

16  *Id.* (internal quotations omitted, emphasis in original). Here, as in *Karlsen*, Plaintiff
17  complaint does not include an offer to tender and redeem.[9] Under such circumstances, an
18  injunctive remedy is futile and should be dismissed.

19        Moreover, to obtain an injunction, Plaintiff must establish that there was a material
20  breach of contract or a violation of TILA giving rise to a right of rescission, that was
21  exercised within three years of the transaction. Plaintiff cannot possibly establish any such
22  claim. Additionally, this claim is now essentially moot, because the Court on July 24,
23  2008, denied Plaintiff's Application for a Temporary Restraining Order and an Order to
24  Show Cause regarding Preliminary Injunction, thus permitting the foreclosure sale
25  scheduled for July 25, 2008 to proceed. *See* Order Denying Motion for Temporary
26  Restraining Order, dated July 24, 2008.

---

[9] To the contrary, Plaintiff alleges that it "is impossible for Plaintiff to sustain and to meet the debt service requirements now imposed upon him." (AC, ¶ 12.)

1  For this reason the Sixth Cause of Action against both Countrywide and ReconTrust
2  should be dismissed.

3  **V.     CONCLUSION**

4  For all the reasons stated above, Countrywide and ReconTrust respectfully request
5  the Court dismiss Plaintiff's First, Fourth, Fifth and Sixth Causes of Action against them,
6  pursuant to Federal Rule of Civil Procedure 12(b)(6).  Further, Defendants respectfully
7  request that the Court dismiss the First Cause of Action with prejudice as the TILA and the
8  CFC claims are time-barred.

9  Dated:  July 25, 2008

Respectfully submitted,

**BRYAN CAVE LLP**

By:     /s/ James Goldberg
            James Goldberg
Attorneys for Defendants
COUNTRYWIDE HOME LOANS, INC.,
(erroneously sued as Countrywide Home
Loans) and RECONTRUST COMPANY, N.A.
(erroneously sued as ReconTrust, Inc.)

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
201 CLAY STREET
SAN FRANCISCO, CA 94111-3907

SM01DOCS\688255.5                    15
MOTION OF DEFENDANTS TO DISMISS – CASE NO. 08-CV-03474 CRB