SHANNON B. JONES LAW GROUP
SHANNON B. JONES (Bar No. 149222)
DENISE R. HANNAN (Bar No. 178794)
KENDRA J. JUE (Bar No. 226992)
300 Diablo Road
Danville, California 94526
Telephone:    (925) 837-2317
Facsimile:    (925) 837-4831
Email:        sbj@sbj-law.com
              drh@sbj-law.com
              kjj@sbj-law.com

Attorneys for Defendants
PACIFIC UNION REAL ESTATE GROUP, LTD.
and HOLLY HUNTER KERSIS

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN R. SUTHERLAND,<br><br>        Plaintiffs,<br><br>    v.<br><br>DIVERSIFIED CAPITAL INC.; WILLIAM DAVID DALLAS; TRACEY CASELLA; NICOLE GARCIA, PACIFIC UNION HOME SALES, INC. INDIVIDUALLY AND D/B/A PACIFIC UNION GMAC REAL ESTATE; MATTHEW ALEXANDER TUNNEY; CHRISTOPHER GUY GARWOOD; HOLLY HUNTER KERSIS; FIRST FRANKLIN FINANCIAL CORPORATION; COUNTRYWIDE HOME LOANS; RECONTRUST, INC., DOES 1-100,<br><br>        Defendants. | No. C 08-03474 CRB<br><br>[Superior Court of Contra Costa Case No. C08-01682]<br><br>NOTICE OF MOTION AND MOTION TO DISMISS AND/OR FOR A MORE DEFINITE STATEMENT OF DEFENDANTS PACIFIC UNION REAL ESTATE GROUP, LTD. AND HOLLY HUNTER KERSIS; MEMORANDUM OF POINTS AND AUTHORITIES; DEMAND FOR JURY TRIAL<br><br>[FRCP 12(b)(6), 12(e), and 9(b)]<br><br>[Filed concurrently with Request for Judicial Notice and Joinder To Countrywide's Request for Judicial Notice and [Proposed] Order]<br><br>Date:   September 26, 2008<br>Time:   10:00 a.m.<br>Ctrm:   8, 19th Floor<br><br>The Honorable Charles R. Breyer |

**NOTICE OF MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

YOU ARE HEREBY NOTIFIED THAT on September 26, 2008 at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 8 of this Court, located at 450 Golden Gate Avenue, San Francisco, California, defendants PACIFIC UNION REAL ESTATE GROUP, LTD., erroneously sued as PACIFIC UNION HOME SALES, INC. INDIVIDUALLY AND D/B/A PACIFIC UNION GMAC REAL ESTATE, and HOLLY HUNTER KERSIS, (collectively, "Pacific Union"), will, and hereby do, move the Court to dismiss the following claims in plaintiff JOHN R. SUTHERLAND's Amended Complaint for failure to state any claim for relief against Pacific Union pursuant to Federal Rule of Civil Procedure 12(b)(6) and/or order Plaintiff to provide a more definite statement of the following claims against Pacific Union pursuant to Federal Rule of Civil Procedure 12(e):

1.    The First Cause of Action for "Violation of Truth in Lending 15 U.S. Code § 1601, 12 C.F.R. 226" and "California Financial Code § 4973 *et seq.*";

2.    The Second Cause of Action for "Breach of Fiduciary Duty – Professional Negligence"; and

3.    The Third Cause of Action for "Constructive Fraud."

This Motion is made pursuant to Rules 12(b)(6), 12(e), and 9(b), as Plaintiff has failed to state any claim for relief against Pacific Union and Plaintiff has not pled the second and third causes of action with particularity.  This Motion is based on this Notice, the Memorandum of Points and Authorities, all pleadings and papers on file in this action, any other matters of which the Court may or must take judicial notice, any evidence or argument presented at the hearing on the Motion, and any other matters the Court deems proper.

## STATEMENT OF RELIEF SOUGHT

Pacific Union respectfully requests that the Court dismiss the First through Third Causes of Action in the Amended Complaint with prejudice as to Pacific Union for failure to state any claim for relief pursuant to Federal Rule of Civil Procedure 12(b)(6) and/or require Plaintiff to provide a more definite statement of the claims against Pacific Union pursuant to Federal Rule of Civil Procedure 12(e).

As more fully set forth below, this Motion is made principally on the following grounds:  (1) the First through Third Causes of Action are time-barred; (2) there are no allegations against Pacific Union that support any claim of duty,  breach or violation by Pacific Union; (3) the Second and Third Causes of Action fail to plead the alleged misrepresentations and omissions with particularity, as required; and (4) the Amended Complaint is too vague and ambiguous to provide Pacific Union with notice of the claims against it.  Plaintiff cannot allege any facts to cure the fatal defects in his Amended Complaint.  Accordingly, the First through Third Causes of Action should be dismissed with prejudice as to Pacific Union.

Dated:  August 20, 2008

SHANNON B. JONES LAW GROUP

By _____ /s/  Shannon B. Jones _____
SHANNON B. JONES
Attorneys for Defendants PACIFIC UNION
REAL ESTATE GROUP, LTD. and HOLLY
HUNTER KERSIS

1

# TABLE OF CONTENTS*

2
Page(s)

3   MEMORANDUM OF POINTS AND AUTHORITIES............................................   1

4   I.    STATEMENT OF ISSUES TO BE DECIDED AND SUMMARY

5         OF ARGUMENT ...........................................................................   1

6   II.   STATEMENT OF FACTS ..............................................................   2

7         A.  Plaintiff Obtained Real Property Loans He Can No Longer Afford .......   2

8         B.  Pacific Union Had No Alleged Involvement in the Subject Loans ..........   4

9   III.  THE AMENDED COMPLAINT FAILS TO STATE A CLAIM FOR

10        RELIEF AGAINST PACIFIC UNION .........................................................   4

11        A.  Plaintiff's Claims Are Time-Barred...........................................   5

12             1.   The Applicable Statutes of Limitation Began to Run When

13                  Plaintiff Executed the Subject Loan Documents ................................   5

14             2.   Each of Plaintiff's Claims Against Pacific Union

                    Are Time Barred ........................................................................   6

15        B.  The First Cause of Action Fails to State a Claim for Relief ....................   7

16        C.  The Second Cause of Action Fails to State a Claim for Relief................   8

17             1.   A Real Estate Agent Does Not Have a Duty to Review or Provide

18                  Advice on Loan Documents................................................................   9

19             2.   Plaintiff Was Represented by Separate and Independent Third

20                  Parties in the Loan Negotiation Process .............................................   11

21             3.   Plaintiff Has Not Alleged Any Facts Amounting to a Breach of

22                  the Alleged Duties................................................................................   11

23        D.  The Third Cause of Action Fails to State a Claim for Relief....................   12

24        E.  Plaintiff Failed to Plead Fraud With Particularity .....................................   12

25        F.  Plaintiff Must Provide a Coherent Statement of His Claims ....................   13

26

27

28

1
2

**TABLE OF CONTENTS**
*(cont'd)*

Page(s)

3
4

IV.    CONCLUSION ................................................................    13

V.    DEMAND FOR JURY TRIAL ...............................................    14

5
6
7

**TABLE OF AUTHORITIES**

8

CASES

9

Page(s)

10    *Ahern v. Dillenback* (1991) 1 Cal.App.4th 36 ........................................    9

11    *Assilzadeh v. California Federal Bank* (2000) 82 Cal. App. 4th 399 .......................    9

12    *Baron v. City of L.A.* (1970) 2 Cal.3d 535 ...................................    10

*Carleton v. Tortosa* (1993) 14 Cal. App. 4th 745 ...................................    8, 10

13    *City of Atascadero v. Merrill Lynch, et al.* (1998) 68 Cal. App. 4th 445 .................    8

14    *Condon & Frank v. Sup. Ct.* (1998) 17 Cal.4th 119 ................................    10

15    *Conley v. Gibson*, 355 U.S. 41 .................................................    5

*Hernandez v. Badger Constr. Equip. Co.* (1994) 28 Cal. App. 4th 1791 .................    5

16    *Hills Transp. Co. v. Southwest Forest Industries, Inc.* (1968) 266 Cal.App.2d 702 .    12

17    *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399 ...................................    12

18    *In re Utz* (1989) 48 Cal. 3d 468 ..............................................    10

19    *Kunstman v. Mirizzi* (1965) 234 Cal. App. 2d 753 ..............................    6

20    *Marin Storage & Trucking, Inc. v. Benco Contracting & Engineering, Inc.* (2001) 89 Cal. App. 4th 1042 ...........................................    5

21    *Marks v. Chicoine*, C 06-06806 SI, 2007 WL 1160992 ..........................    8

22    *Mullis v. United States Bank. Ct.*, 828 F.2d 1385 ..............................    5

23    *Murgia v. Municipal Ct.* (1975), 15 Cal.3d 286 ................................    10

*Pagano v. Krohn* (1997) 60 Cal. App. 4th 1 ....................................    9

24    *Pareto v. FD.I.C.*, 139 F.3d 696 ..............................................    4

25    *People v. Landlords Prof. Servs.* (1989) 215 Cal. App. 3d 1599 ...............    11

26    *People v. Sipper* (1943) 61 Cal. App. 2d Supp. 844 ...........................    10

27
28

## TABLE OF AUTHORITIES
*(cont'd)*

Page(s)

*Rodriguez v. American Technologies, Inc.* (2006) 136 Cal. App. 4th 1110 .............. 5

*Rosenthal v. Great Western Financial Securities Corp.* (1996) 14 Cal.4th 394 ....... 6

*Smith v. Rickard* (1988) 205 Cal. App. 3d 1354.......................................................... 9

*Stalberg v. W. Title Ins. Co.* (1991) 230 Cal. App. 3d 1223..................................... 6

*Stansfield v. Starkey* (1990) 220 Cal. App. 3d 59 ...................................................... 2, 12

*Stewart v. Preston Pipeline Inc.* (2005) 134 Cal. App. 4th 1565 ............................. 5

*Union Bank v. Ross* (1976) 54 Cal. App. 3d 290........................................................ 5

*Wilhelm v. Pray, Price, Williams & Russell* (1986) 186 Cal. App. 3d 1324 ............. 12

## STATUTES, CODES

Page(s)

15 U.S.C. § 1601 ........................................................................................................... 7

15 U.S.C. § 1640 ........................................................................................................... 7

C.C.P. § 338 .................................................................................................................. 2, 6

C.C.P. § 343 .................................................................................................................. 2, 6

Cal. Bus. & Prof. Code § 10130 .................................................................................. 9

Cal. Bus. & Prof. Code § 10131(d) .............................................................................. 9

Cal. Bus. & Prof. Code § 10176(a)(i) ........................................................................... 9

Cal. Bus. & Prof. Code § 625 ....................................................................................... 11

Cal. Civ. Code § 1102.4................................................................................................ 11

Cal. Civ. Code § 2079................................................................................................... 6, 9

Cal. Fin. Code § 4970 ................................................................................................... 7

California Financial Code § 4973 ................................................................................. 7

Civ. Code § 1102.6 ....................................................................................................... 9

Fed. R. Civ. Proc. 12 (b)(6) ......................................................................................... 1, 4

Fed. R. Civ. Proc. 8 ...................................................................................................... 13

Fed. R. Civ. Proc. 9(b) ................................................................................................. 2, 12

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Pacific Union respectfully submits the following Memorandum of Points and Authorities in support of his Motion to Dismiss the Complaint and/or for a More Definite Statement pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(e).

### I. **STATEMENT OF ISSUES TO BE DECIDED AND SUMMARY OF ARGUMENT**

This action arises from two adjustable loans that plaintiff JOHN R. SUTHERLAND ("Plaintiff") obtained in connection with his 2004 purchase of residential real property in Walnut Creek, California (the "Property").  (A.C., ¶¶ 3-7, 10-13).  Plaintiff asserts the first three causes of action for violation of federal and state truth in lending laws, breach of fiduciary duty, and constructive fraud against Holly Kersis and other defendants.  Pacific Union Real Estate Group, Ltd. is not identified in the Amended Complaint and there are <u>no</u> allegations against it or its agent Holly Kersis.  Rather, the allegations involve an entirely different entity, Pacific Union Home Sales, Inc., and its agents and employees, Matthew Tunney and Christopher Garwood.[1]  Pacific Union, a California-licensed real estate broker and agent, had <u>no</u> duty to provide legal or financial advice to Plaintiff and had <u>no</u> involvement in procuring Plaintiff's loans.  Pacific Union was not Plaintiff's mortgage broker.[2]  There is no connection between Pacific Union and the subject loans that Plaintiff ultimately obtained.  Further, the allegations fail to demonstrate any duty, action, violation or breach by Pacific Union.  As such, Plaintiff has failed to make <u>any</u> allegations against Pacific Union that would support any claim for relief against it.

---

[1] The fact that these are distinct corporate entities is confirmed by the records of the California Department of Real Estate and Secretary of State.  *See* Pacific Union's Request for Judicial Notice and Joinder to Countrywide's Request for Judicial Notice ("RFJN & Joinder").

[2] *See* RFJN & Joinder; *see also* http://www2.dre.ca.gov/PublicASP/pplinfo.asp.

Moreover, the First through Third Causes of Action fail as a matter of law because they are time-barred as Plaintiff executed the subject loan documents more than four years prior to filing his initial complaint.  Plaintiff's First Cause of Action is barred under the applicable federal and state statutes of limitations.  *See* 15 U.S.C. § 1640(e) (one year statute of limitations for damages actions); *see also Meyer v. Ameriquest Mortg. Co.* 342 F.3d 899, 902 (9th Cir. 2003) (critical date is date "the loan documents were signed."); *see* C.C.P. § 338(a) (three-year limitations period for actions based on liabilities created by statute).  Plaintiff's Second and Third Causes of Action, which sound in fraud, are barred by California's three year statute of limitations.  *See* C.C.P. § 338(d) (actions based on fraud).  Plaintiff's Second Cause of Action is also barred by the four-year statute of limitations for nonfraudulent breach of fiduciary duty.  *See* C.C.P. § 343 (residual statute which applies to breach of fiduciary duty claims).  Plaintiff has also not pled the Second and Third Causes of Action, which suggest fraud, with the requisite particularity.  *See* Fed. R. Civ. Proc. 9(b); *see also Stansfield v. Starkey* (1990) 220 Cal. App. 3d 59, 72-73.

The issues presented for decision by the Court are whether the Amended Complaint should be dismissed as to Pacific Union for failure to state any claim for relief, as outlined above, and/or Plaintiff should be required to provide a more definite statement of his claims against Pacific Union.

## II. <u>STATEMENT OF FACTS</u>

### A.    <u>Plaintiff Obtained Real Property Loans He Can No Longer Afford.</u>

In or about July of 2004, Plaintiff purchased the Property after "becoming acquainted" with Defendant Holly Hunter Kersis, a licensed real estate agent then with Pacific Union.  (A.C., ¶¶ 2, 6, 10; RFJN & Joinder).  In the process of financing this purchase, Plaintiff

obtained two loans with defendant First Franklin Financial Corporation.  (*Id.*, ¶ 10 ("Plaintiff sought …a home loan from Defendants DIVERSIFIED CAPITAL INC., DAVID DALLAS AND NICOLE GARCIA.")).  According to the Amended Complaint, in "arranging and negotiating the subject loans," Diversified Capital Inc. and its representatives "were acting as agents for the Plaintiff as well as brokers on behalf of FIRST FRANKLIN CORPORATION." (*Id.*, ¶ 6).

Plaintiff signed a Promissory Adjustable Rate Note dated June 28, 2004 in connection with the first loan for the principal amount of $500,000 ("the Note").  (A.C., ¶ 10).  On June 29, 2004, Plaintiff executed a notarized Deed of Trust which specifically refers to the Note.  (A.C., ¶ 24, Exh. 1; *see* Countrywide RJN, Exhs. A-B).  Plaintiff purportedly attached the Note and related Deed of Trust to the Amended Complaint, but it is uncertain whether the Note was actually attached to the pleading as filed.  *See Id.*[3]  Among other provisions, the Note stated:

- "**THIS NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST RATE AND MY MONTHLY PAYMENT.**" (top of Note, p. 1);

- "The interest rate I will pay may change on the first day of July 2006, and on that day every sixth month thereafter." (Section 4, p. 2); and

- "Borrower has executed and acknowledges receipt of pages 1 through 4 of this Note." (p. 4, above signature).

(The Note, Countrywide RJN, Exh. A (emphasis in original)).  The first loan was ultimately transferred to defendant Countrywide.  (A.C., ¶ 11).

Despite being advised that the loans were "adjustable," Plaintiff alleges he was "shocked, surprised, and appalled" when, between the origination of his loan and July 2008, the interest rate "increased over 3% and the payments more than doubled."  (*Id.*, ¶¶ 10, 12).  Plaintiff

---

[3] Until receiving Countrywide's Request for Judicial Notice from the court docket, counsel for Pacific Union did not possess a copy of the subject financing documents.

1   claims it is "impossible for Plaintiff to sustain and meet the debt service requirements now

2   imposed on him." (*Id.*, ¶ 12).  Defendant ReconTrust is the substitute trustee engaged to conduct

3   a foreclosure pursuant to the Deed of Trust.  (*Id.*, ¶ 7).  Plaintiff filed a complaint in California

4   Superior Court for the County of Contra Costa on June 30, 2008, Case No. 08-01682, and filed

5   an Amended Complaint on July 7, 2008, seeking damages in excess of $200,000.  (A.C., ¶¶ 13,

6

7   17; *see* Countrywide RJN, Exh. D).

8           **B.    Pacific Union Had No Alleged Involvement in the Subject Loans**

9              Plaintiff makes **no charging allegations** against Pacific Union.  The Amended

10  Complaint alleges **no facts** demonstrating any involvement by Pacific Union in the arranging,

11  negotiating, originating, procuring, making or servicing the subject loans.  Plaintiff has alleged

12  **no facts** to support his claims that Pacific Union breached any duties to Plaintiff.  Plaintiff

13  generally alleges that an unspecified group of "Defendants" breached unspecified duties "by

14  misrepresenting or failing to explain the nature and terms of the loans they were obtaining for

15  Plaintiff …and failing to make a reasonable determination that he could afford to make the

16  payments required thereon."  (*Id.*, ¶ 19; *see also* ¶ 22 (referring to unspecified "representations

17  and failures to disclose, explain and counsel" with regard to unspecified "material facts related to

18  the transaction.")).  As discussed herein, Plaintiff's allegations are insufficient to state any claim

19  for relief against Pacific Union.

20

21  **III.  THE AMENDED COMPLAINT FAILS TO STATE A CLAIM FOR RELIEF
            AGAINST PACIFIC UNION**

22

23             The Court may dismiss a complaint where the allegations set forth fail to state any

24  claim for relief.  Fed. R. Civ. Proc. 12(b)(6).  In a 12(b)(6) motion, all material allegations in the

25  complaint must be taken as true and construed in the light most favorable to Plaintiff.  *See Pareto*

26  *v. FD.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).  A court, however, need not accept as true

27

28

1   conclusory allegations or unwarranted deductions of fact.  *See Id*.  In determining whether a

2   pleading states a claim, a court may consider any matter that is judicially noticeable.  *See Mullis*

3   *v. United States Bank. Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987).  Dismissal is appropriate if it

4   "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

5   would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

6

7       **A.    Plaintiff's Claims Are Time-Barred.**

8       **1.    The Applicable Statutes of Limitation Began to Run When**
            **Plaintiff Executed the Subject Loan Documents.**

9

10          Plaintiff's claims are premised on the allegation that a group of defendants failed

11   to provide various disclosures and analysis with regard to the Note and Deed of Trust.  (*See*

12   A.C., ¶¶ 3, 10, 12, 13, 16-22).  Plaintiff received the Note and Deed of Trust reflecting the terms

13   of those financing documents no later than June 29, 2004.[4]

14          Under California law, Plaintiff is charged with complete knowledge of the terms

15   of the Note and the Deed of Trust as of the dates he executed those instruments, more than four

16   years prior to filing the subject action on June 30, 2008.  *See Marin Storage & Trucking, Inc. v.*

17   *Benco Contracting & Engineering, Inc.* (2001) 89 Cal. App. 4th 1042, 1049 (one cannot avoid a

18   contract because he or she failed to read it before signing); *see also Rodriguez v. American*

19   *Technologies, Inc.* (2006) 136 Cal. App. 4th 1110, 1124 (party assented by signing a contract

20   with conspicuous terms); *Stewart v. Preston Pipeline Inc.* (2005) 134 Cal. App. 4th 1565, 1588

21   (well established that one who signs an instrument cannot avoid the impact of its terms because

22   he failed to read it before signing); *Hernandez v. Badger Constr. Equip. Co.* (1994) 28 Cal. App.

23   4th 1791, 1816; *Union Bank v. Ross* (1976) 54 Cal. App. 3d 290, 296 (failure to read the contract

24

25

_____

[4] Plaintiff's Amended Complaint specifically refers to the Note, which bears Plaintiff's signature and is dated on June 28, 2004.  (A.C., ¶ 24, Exh. 1; Countrywide RJN, Exh. A).  Plaintiff also acknowledges executing a Deed of Trust, which was notarized on June 29, 2004.  (A.C., ¶¶ 10, 24, Exh. 1; Countrywide RJN, Exh. B).  The docket report for the corresponding state court action shows that Plaintiff's initial complaint was filed on June 30, 2008. (Countrywide RJN, Exh. D).

not an excuse); *Rosenthal v. Great Western Financial Securities Corp.* (1996) 14 Cal.4th 394, 423.

### 2.    Each of Plaintiff's Claims Against Pacific Union are Time Barred.

The First Cause of Action attempts to assert claims under both federal and state truth in lending laws.  Federal law imposes a one-year statute of limitations for damages actions under TILA.  15 U.S.C. § 1640(e); *see also Meyer*, 342 F.3d at 902.  Actions based on the California statutes must be brought within three years of accrual.  *See* C.C.P. § 338(a).  Therefore, Plaintiff's claims under both federal and state statutes are time-barred and the Court should dismiss the First Cause of Action with prejudice.

Plaintiff's Second Cause of Action for Breach of Fiduciary Duty – Professional Negligence and Third Causes of Action for Constructive Fraud refer to "representations," "misrepresentations," and "failures to disclose."  Claims based on fraud must be filed within three years of signing the subject loan documents.  *See* C.C.P. § 338(d).  Accordingly, these fraud-based causes of action must have been filed no later than June 29, 2007 and are time-barred.

To the extent that Plaintiff may argue that his Second Cause of Action is not based in fraud, an action for breach of fiduciary duty must be brought within four years after accrual.  *See* C.C.P. § 343; *Stalberg v. W. Title Ins. Co.* (1991) 230 Cal. App. 3d 1223, 1230.[5]

Accordingly, the First through Third Cause of Action are time barred and should be dismissed with prejudice as to Pacific Union.  *See Kunstman v. Mirizzi* (1965) 234 Cal. App. 2d 753, 757 (California law favors statutes of limitation).

---

[5] To the extent that Plaintiff's claims are based on a real estate broker's duties under California Civil Code 2079, a shorter limitations period could apply.  *See* Cal. Civ. Code § 2079.4 (two years from the "date of possession" of the Property, which is no later than the date of recordation); *see also* C.C.P. §339(1) (two year limitations period for actions based on "a contract, obligation or liability not founded upon an instrument in writing").

**B.**    <u>The First Cause of Action Fails to State a Claim for Relief.</u>

The First Cause of Action for violation of state and federal truth in lending laws lacks any merit.  Plaintiff makes a conclusory allegation that unspecified "Defendants" violated state and federal truth-in-lending laws by failing to make unspecified disclosures and failing to determine whether Plaintiff could afford the loans.  (A.C., ¶ 16).  The federal and state statutes cited by Plaintiff are inapplicable to Pacific Union, a licensed real estate brokerage.  Plaintiff makes no allegations suggesting that Pacific Union originated, procured, or otherwise participated in his loans.  Plaintiff further fails to state what required facts were not disclosed.

Pacific Union cannot be liable under California Financial Code § 4973 as that statute relates to limitations for "covered loans" and prohibited acts by persons who originate them.  "Covered loan" is defined by Section 4970(b) as a "consumer loan in which the original principal balance of the loan does not exceed the most current conforming loan limit for a single-family first mortgage loan …".  Cal. Fin. Code § 4970(b).  Plaintiff has failed to demonstrate that his loans fell within the scope of Section 4970(b).  *See* Countrywide RJN, Exh. C.  Even if Section 4970, *et seq.*, applies generally to Plaintiff's loans, these sections are inapplicable to Pacific Union because they relate to persons who "originate" the loans.  Under Section 4970(h), the term "originate" means "to arrange, negotiate, or make a consumer loan."  Cal. Fin. Code § 4970(h).

Similarly, Plaintiff has failed to state a claim against Pacific Union under the federal Truth In Lending Act ("TILA"), which requires <u>creditors</u> to make certain disclosures about the terms of loans to borrowers.  15 U.S.C. § 1601, *et seq.*  Any creditor who fails to make certain disclosures faces liability for civil damages.  15 U.S.C. § 1640.  A "creditor" is defined by Section 1602 as someone "who both (1) regularly extends, whether in connection with loans … or otherwise, consumer credit which is payable by agreement in more than four installments

… and (2) is the person to whom the debt arising from the consumer credit transaction is initially payable …".  15 U.S.C. § 1602(f).

Here, Plaintiff makes no allegation that Pacific Union was in any way involved in the securing of the subject loans associated with Plaintiff's real property purchase.  Not once does Plaintiff suggest that Pacific Union was acting as a person who "originated" the loans or as a "creditor."  To the contrary, Plaintiff alleges that other defendants were "acting as agents for the Plaintiff" in "arranging and negotiating the subject loans."  (A.C., ¶ 6).  Plaintiff also states that it was he who "sought … a home loan" from non-Pacific Union defendants and that defendant Diversified Capital, Inc. arranged the loans.  (*Id.*, ¶ 10).  The allegations establish that Plaintiff signed and received the loan documents and that Plaintiff was even "told that the loans were 'adjustable'".  (*Id.*, ¶¶ 10, 24, Exh. 1).  Furthermore, Plaintiff fails to allege how Pacific Union allegedly violated any of the state or federal statutes cited, as required.  *See Marks v. Chicoine*, C 06-06806 SI, 2007 WL 1160992 (N.D. Cal. Jan. 18, 2007) (dismissing claims for failure to allege how defendants had violated TILA and other statutes).

The allegations of the Amended Complaint conclusively establish that Plaintiff cannot state any violation of the state and federal truth in lending laws against Pacific Union.  Plaintiff's inclusion of Pacific Union as a defendant in the claims lacks any basis.  The Court should dismiss the First Cause of Action with prejudice as to Pacific Union.

## C.    The Second Cause of Action Fails to State a Claim for Relief.

Plaintiff's Second Cause of Action for "Breach of Fiduciary Duty – Professional Negligence" requires that Plaintiff make "an adequate showing" of "the existence of a fiduciary relationship, its breach, and damage proximately caused by that breach."  *See City of Atascadero v. Merrill Lynch, et al.* (1998) 68 Cal. App. 4th 445, 483; *see also Carleton v. Tortosa* (1993) 14

Cal. App. 4th 745, 754, *quoting Ahern v. Dillenback* (1991) 1 Cal.App.4th 36, 42 (relating to

negligence in the context of a claim against a real estate agent).

### 1.    A Real Estate Agent Does Not Have a Duty to Review Or Provide Advice on Loan Documents.

Although the duties owed by real estate brokers and agents vary by the type of

transaction, they typically arise by contractual and statutory law.  *See* Civ. Code § 2079, *et seq.*

(real estate brokers and agents have duty to "conduct a reasonably competent and diligent visual

inspection of the property" and "to disclose all facts materially affecting the value or desirability

of the property"); *see also Assilzadeh v. California Federal Bank* (2000) 82 Cal. App. 4th 399,

413-414; *Pagano v. Krohn* (1997) 60 Cal. App. 4th 1, 8-10; *Smith v. Rickard* (1988) 205 Cal.

App. 3d 1354.

Real estate brokers are qualified to advise upon real estate and the statutorily-

required disclosures often strongly advise the parties of this fact.  *See* Civ. Code § 1102.6, *et seq.*

("A REAL ESTATE BROKER IS QUALIFIED TO ADVISE UPON REAL ESTATE.  IF YOU

DESIRE LEGAL ADVICE, CONSULT YOUR ATTORNEY").  In addition, a buyer must

"exercise reasonable care to protect himself or herself, including those facts which are known to

or within the diligent attention and observation of the buyer."  Civ. Code § 2079.5.

"Counseling" a buyer about the terms of a loan is not a duty imposed on real estate agents under

California law.  *See* Civ. Code § 2079, *et seq.*  Nor is determining what a buyer can afford.

Mortgage brokers, however, are customarily retained to act as the borrower's agent in

negotiating a loan.  They are also required to be licensed from the Department of Real Estate.

*See* Cal. Bus. & Prof. Code §§ 10130, 10131(d), 10176(a), (i).

In this case, Plaintiff has failed to identify any facts or documents upon which to

impose a duty on Pacific to undertake any actions, let alone the broadly-defined duties of

reviewing or advising upon Plaintiff's financing documents. To the contrary, Plaintiff's Amended Complaint alleges the following facts: (1) that Pacific Union, including its agent Holly Hunter Kersis, were acting in the capacity of Plaintiff's licensed real estate broker and agent; (2) that Plaintiff became acquainted with Ms. Kersis in or about June 2004 when he became interested in purchasing a residential home for his "personal use and from which to operate his modest building contracting business"; (3) that he "sought … a home loan" from **non-Pacific Union** defendants; (4) that he received adjustable loans from First Franklin Financial Corporation; and (5) that **non-Pacific Union** defendants acted as Plaintiff's agent in "arranging and negotiating the subject loans." (A.C., ¶¶ 2, 3, 6, 10).

Given these allegations, there is no basis for imposing a duty upon Pacific Union to evaluate, explain or advise upon the subject loans or to determine if Plaintiff could afford the payments. (*See Id.*, ¶¶ 19, 22). Plaintiff has merely suggested the existence of a fiduciary relationship between himself and Pacific Union, which does not alone constitute a claim. Owing general fiduciary duties to Plaintiff as the real estate broker in no way obligates Pacific Union to undertake an analysis of legal documents or to provide advice regarding their adequacy based on Plaintiff's financial condition.

Rather, the law bars real estate brokers from providing legal, financial and tax advice. *See Carleton*, 14 Cal. App. 4th at 745 (agent did not have duty to provide legal or tax advice); *see, e.g., People v. Sipper* (1943) 61 Cal. App. 2d Supp. 844 (disapproved on other grounds in *Murgia v. Municipal Ct.* (1975), 15 Cal.3d 286) (unauthorized practice of law for real estate broker to prepare financial documents to secure a loan with real property); *Birrower, Montalbano, Condon & Frank v. Sup. Ct.* (1998) 17 Cal.4th 119, 128 (practicing law can include giving legal advice, preparing contracts); *In re Utz* (1989) 48 Cal. 3d 468, 483, fn. 11; *Baron v.*

- 10 -

*City of L.A.* (1970) 2 Cal.3d 535, 543; *People v. Landlords Prof. Servs.* (1989) 215 Cal. App. 3d 1599; and Cal. Bus. & Prof. Code §§ 625, 626.  As such, Plaintiff cannot state a claim.

### 2.    Plaintiff Was Represented by Separate and Independent Third Parties in the Loan Negotiation Process.

As a matter of law, real estate agents and brokers are entitled to rely on the work of licensed professionals and are exempt from liability for issues that were the subject of the professionals' evaluations.  *See* Cal. Civ. Code § 1102.4.  Section 1102.4(c) provides,

> The delivery of a report or opinion prepared by a licensed engineer, land surveyor, geologist, structural pest control operator, contractor, or other expert, dealing with matters within the scope of the professional's license or expertise, shall be sufficient compliance for application of the exemption provided in subdivision (a) …

Subdivision (a) exempts the seller and agents from liability for errors in information transferred pursuant to Article 1.5 (Civil Code sections 1102 -1102.17).

The Amended Complaint establishes that Plaintiff sought a loan from defendants Diversified Capital, Inc., David Dallas, and Nicole Garcia and that those defendants were acting as Plaintiff's agents in arranging and negotiating the loans.  (A.C., ¶¶ 6, 10).  Pacific Union is entitled to rely on the professional services provided by these third parties, especially where work is outside the qualifications and expertise of Pacific Union and there is no indication that Pacific Union undertook any of the duties alleged.

### 3.    Plaintiff Has Not Alleged Any Facts Amounting to a Breach of The Alleged Duties.

Plaintiff has failed to allege any conduct by Pacific Union that would amount to a breach, regardless of the purported duty's origin.  The pleading is devoid of specific facts concerning any representations, omissions, or errors that could have constituted an alleged breach.  Accordingly, Plaintiff fails to sufficiently allege facts supporting any fiduciary duty or breach.  The Court should dismiss the Second Causes of Action with prejudice as to Pacific Union.

- 11 -

**D.     The Third Cause of Action Fails to State a Claim for Relief.**

The third cause of action for constructive fraud is premised on the same allegations regarding a purported obligation to evaluate, explain and "counsel" Plaintiff on the subject loans.  (A.C., ¶¶ 21-22).  The third cause of action is unintelligible and even more deficient than the second.  There are no factual allegations regarding any basis for imposing such unusual duties.  Although Plaintiff makes a conclusory reference to "the misrepresentations" and "failures to disclose," there are no specific statements or omissions by Pacific Union alleged.  (A.C., ¶ 22).  There are also no allegations concerning the material facts that Plaintiff contends Pacific Union should have disclosed, but did not.  Moreover, evaluating and providing "counsel" on the loan documents was not within Pacific Union's scope of duties as a residential real estate broker and agent.  Accordingly, the Third Cause of Action should be dismissed with prejudice as to Pacific Union.

**E.     Plaintiff Failed to Plead Fraud with Particularity.**

The object of Plaintiff's breach of fiduciary duty and constructive fraud claims is fraud, as evidenced by Plaintiff's reference to unspecified misrepresentations and failures to disclose.  (A.C., ¶¶ 19, 22).  Plaintiff must plead claims based in fraud with particularity under Rule 9(b).  *See In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 (9th Cir.1996) (as amended) ("Rule 9(b) serves to give defendants adequate notice to allow them to defend against the charge").  Even under California law, fraud claims are subject to the strictest pleading requirements and every element must be pled specifically and factually.  *Wilhelm v. Pray, Price, Williams & Russell* (1986) 186 Cal. App. 3d 1324, 1331-1332; *see also Stansfield*, 220 Cal. App. 3d at 72-73; *Hills Transp. Co. v. Southwest Forest Industries, Inc.* (1968) 266 Cal.App.2d 702, 707-708.  "This particularity requirement necessitates pleading facts which show how, when, where, to whom, and by what means" the representations were made. *Stansfield*, 220 Cal. App.

3d at 73. This is particularly necessary when the fraud is alleged against an entity. The second and third causes of action are devoid of this critical information and must fail.

### F.     Plaintiff Must Provide a Coherent Statement of His Claims

The Federal Rules of Civil Procedure require that a pleader set forth a "short and plain statement showing that the pleader is entitled to relief." Fed. R. Civ. Proc. 8. The Court may strike the vague and ambiguous allegations against Pacific Union and require Plaintiff to make a more definite statement of his claims. Fed. R. Civ. Proc. 12(e). The allegations provide no basis, because none exists, to include Pacific Union in this action. Plaintiff has provided no notice to Pacific Union of the nature of its claims against it. Instead, Plaintiff lumps Pacific Union into a large group of defendants without any detail concerning Pacific Union's alleged actions, representations, or omissions.

The Amended Complaint is so vague and ambiguous that Pacific Union "cannot reasonably be required to frame a responsive pleading." *Id.* Pacific Union must know what specific acts or omissions purportedly serve as the basis for any liability, in order to respond to the Amended Complaint and prepare its defense. Pacific Union believes that clarification of any claims against it will reveal the absence of any merit to this action. Unless the Complaint is dismissed with prejudice, the Court should order Plaintiff to provide a more definite statement of the claims against Pacific Union.

### IV.     CONCLUSION

The Amended Complaint contains no allegations against defendants Pacific Union Real Estate Group, Ltd. and Holly Hunter Kersis showing the existence of any connection between them and the loans of which Plaintiff is now complaining. The Amended Complaint establishes that all of the claims are time barred and must be dismissed with prejudice. To the

- 13 -

extent the Court examines the merits of the claims, they must also fail.  Plaintiff fails to allege

facts showing that defendants' alleged duties arose from their involvement in the transaction or

that any breach of duty was committed.  Accordingly, no basis exists for the assertion of any

federal or state claims against Pacific Union.  The Amended Complaint fails to provide the

Pacific Union defendants with reasonable notice of the claims against them.

Pacific Union respectfully requests that the Court dismiss the First through Third

Causes of Action in the Amended Complaint as to Pacific Union and/or require Plaintiff to

provide a more definite statement of his claims.

## V.  <u>DEMAND FOR JURY TRIAL</u>

Pacific Union hereby demands a trial by jury.

Dated:  August 20, 2008

SHANNON B. JONES LAW GROUP

By _____/s/  Shannon B. Jones_____
SHANNON B. JONES
Attorneys for Defendants PACIFIC UNION
REAL ESTATE GROUP, LTD. and HOLLY
HUNTER KERSIS

1    SHANNON B. JONES LAW GROUP
     SHANNON B. JONES (Bar No. 149222)
2    DENISE R. HANNAN (Bar No. 178794)
     KENDRA J. JUE (Bar No. 226992)
3    300 Diablo Road
     Danville, California 94526
4    Telephone:    (925) 837-2317
     Facsimile:     (925) 837-4831
5    Email:         sbj@sbj-law.com
                    drh@sbj-law.com
6                   kjj@sbj-law.com

7    Attorneys for Defendants
     PACIFIC UNION REAL ESTATE GROUP, LTD.
8    and HOLLY HUNTER KERSIS

9

10                    IN THE UNITED STATES DISTRICT COURT

11                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

12

13

14   JOHN R. SUTHERLAND,                    )   No. C 08-03474 CRB
                                            )
15              Plaintiffs,                 )   [Superior Court of Contra Costa Case No.
                                            )   C08-01682]
16        v.                                )
                                            )
17   DIVERSIFIED CAPITAL INC.; WILLIAM      )   [PROPOSED] ORDER GRANTING
     DAVID DALLAS; TRACEY CASELLA;          )   MOTION TO DISMISS OF
18   NICOLE GARCIA, PACIFIC UNION HOME      )   DEFENDANTS PACIFIC UNION REAL
     SALES, INC. INDIVIDUALLY AND D/B/A     )   ESTATE GROUP, LTD. AND HOLLY
19   PACIFIC UNION GMAC REAL ESTATE;        )   HUNTER KERSIS
     MATTHEW ALEXANDER TUNNEY;              )
20   CHRISTOPHER GUY GARWOOD; HOLLY         )   [FRCP 12(b)(6), 12(e), and 9(b)]
     HUNTER KERSIS; FIRST FRANKLIN         )
21   FINANCIAL CORPORATION;                 )   [Filed concurrently with Notice of Motion
     COUNTRYWIDE HOME LOANS;                )   and Motion and Request for Judicial
22   RECONTRUST, INC., DOES 1-100,          )   Notice and Joinder To Countrywide's
                                            )   Request for Judicial Notice]
23              Defendants.                 )
                                            )   Date:   September 26, 2008
24                                          )   Time:   10:00 a.m.
                                            )   Ctrm:  8, 19th Floor
25                                          )
                                            )   The Honorable Charles R. Breyer
26                                          )
                                            )
27   ──────────────────────────────────────

28   ────────────────────────────────────────────────────────────────────

**[PROPOSED] ORDER**

Based on the papers filed by defendants PACIFIC UNION REAL ESTATE GROUP, LTD. and HOLLY HUNTER KERSIS, in support of the Motion, the papers filed by plaintiff JOHN R. SUTHERLAND ("Plaintiff") in opposition to the Motion, all evidence presented to the Court, all pleadings and papers on file in this action, any documents and matters of which the Court may or must take judicial notice, and any evidence or argument presented in support of the Motion, and with good cause appearing,

IT IS HEREBY ORDERED THAT:

1.    Plaintiff's First, Second, and Third Causes of Action in the Amended Complaint fail to state any claim for relief against defendants Pacific Union Real Estate Group, Ltd. and Holly Hunter Kersis, and the motion to dismiss the Complaint as to those defendants pursuant to Federal Rule of Civil Procedure 12(b)(6) is GRANTED WITHOUT LEAVE TO AMEND.

2.    The Amended Complaint is DISMISSED WITH PREJUDICE as to defendants Pacific Union Real Estate Group, Ltd. and Holly Hunter Kersis.

IT IS SO ORDERED.

Dated: _____, 2008

_____
UNITED STATES DISTRICT JUDGE

1